**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  <br>   Plaintiff,  <br> v.  <br> Steven Toy Garcia,  <br>   Defendant. | No. CR-25-08137-001-PCT-DJH  <br> **ORDER** |

Defendant, Steven Toy Garcia ("Defendant") filed a Motion for Review of Detention Order (Doc. 16) to which the Government has filed a Response (Doc. 25). Defendant Garcia has filed a Reply. (Doc. 26).[1] The Court issues its Order denying Defendant Garcia's Motion and vacating the hearing set for November 21, 2025.

**I.   Background**

A federal grand jury indicted Defendant Garcia on one count of Mail Theft.[2] (Doc. 1). Mail Theft is punishable by a $250,000 fine and/or five-years in custody. The charge stems from acts between March 12 and 14, 2022 where the Defendant allegedly broke into a post office and stole mail ("Beats headphones"). (Doc. 25 at 2). The Defendant allegedly used his U.S. Postal employee/girlfriend's post office keys to gain access to the mail. (Id.).

Upon his arrest, U.S. Magistrate Judge Willett held a detention hearing. (Doc. 15). In addition to the proffer of evidence and argument by the Government and Defendant, a Pretrial Services Report ("the Report") analyzed his circumstances and stated that "there is

---

[1] The Court has reviewed the detention hearing transcript. (Doc. 15).
[2] 18 U.S.C. § 1708.

no condition or combination that will reasonably assure the appearance of the defendant as required and the safety of the community." (Doc. 6 at 5). Thus, the Report recommended that he be detained. On consideration, Judge Willett found "by a preponderance of the evidence the defendant is a flight risk and detention of the defendant is required pending trial[.]" (Doc. 12). The Defendant appeals Judge Willett's ruling asserting that "there is no evidence to suggest that he is a serious risk of flight or obstruction risk, the Bail Reform Act does not authorize his detention, and he must be released." (Doc. 16 at 1).

## II.    Law and Analysis

### a.    Standard of Review

A district court reviews a magistrate judge's detention de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Bail Reform Act mandates pretrial release unless the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e). Where, as here, the Defendant's charges do not include an enumerated offense under subsection (f)(1), he must be released unless the Court finds there is "a serious risk that [he] will flee." 18 U.S.C. § 3142(f)(2)(A). In its analysis, the Court must also consider the factors in section 3142(g), which include:

(1) the nature and circumstances of the offense charged, [;]

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release[.]

Where, as here, the parties focus on the Defendant's risk of flight, so too will the Court. This risk of flight analysis necessarily requires the Court to scrutinize factor (3)(A) and (B) related to his history and characteristics.

"The Government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk[.]" *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The Defendant states that the Government has not provided evidence of "extreme or unusual circumstances" that he is a flight risk. (Doc. 16 at 8). The Government asserts otherwise. Indeed, on review, this Court finds that the 3142(g) factors, when applied to the Defendant's present circumstances, require his detention pending trial.

**b.     The Defendant's 3142(g) Factors**

The Defendant says, "it is clear from the facts of this case that [he] does not pose a serious risk of flight." (Doc. 16 at 9). He says that the "amount of time [he] is facing in custody is minimal" and though he has a prior criminal history, he has no related failure to appear history. (Id.). And he was screened and approved to reside at Crossroads and can live with his godmother in Nevada. (Id.). So, he says there are conditions that can be fashioned to ensure his appearance. The Government disagrees stating that his character and history show that he is a serious flight risk. (Doc. 25 at 4). In his Reply, the Defendant acknowledges his lengthy criminal history but states the Government's case support are extreme examples of defendant conduct that do not compare with this Defendant's circumstances. (Doc. 28 at 2).

The Defendant's character includes that he is 31, single and he has no children. (Doc. 6 at 2). His mother is deceased, and he ceased communicating with his father and siblings in 2019. (Id.). He relocated to Arizona in 2019 and reports being homeless since then. (Id.). He possesses no passport. (Id.). He has extended family in Mexico and last visited there in 2009. (Id.). He has a godmother, residing in Nevada, who has agreed to act as a third-party guardian.[3] Of note, the Defendant has no family or community ties in Arizona. (Id.).

---

[3] There is no information about the Defendant's last interaction with his godmother, and she was unable to verify his substance use history.

The Defendant has no fixed address and no fixed income. He has been unemployed for over three-years and his last employment, as a tire mechanic, was in Mission, Texas in 2021 which lasted two months. He reports employment with LA Tires in Tucson, Arizona in 2012, and as a general laborer in Decatur, Indiana. He was not able to verify his various places of employment, however. (Id.). Defendant reports no income as he has been incarcerated since January 2022. (Id.).

The Defendant mental condition includes a reported history of mental health issues including depression, anxiety and post-traumatic stress disorder. (Id.). He began outpatient mental health treatment when 9 years old. He has attempted suicide by various means and recounts severe childhood trauma resulting from parental mistreatment and gang affiliation. (Id.). He began using controlled substances including methamphetamine and heroin at 15 years-of-age. Though he quit using THC ten years ago, he reports quitting methamphetamine and heroin just two-months ago. (Id.). The Government states that just prior to his arrest, the Defendant was staying in a hotel room in Pinetop, Arizona, where housekeeping staff found drug paraphernalia. (Doc. 25 at 2).

The Defendant's prior criminal history includes various arrests and convictions beginning in 2014. Since 2020, he has had four arrests that include domestic battery, possession of stolen vehicle, leaving the scene of an accident involving damage to a vehicle, and theft-means of transportation. After the events in March 2022 which lead to the pending indictment, in July 2022, the Defendant was convicted in Pima County Superior Court of Armed Robbery with a Deadly Weapon and sentenced to four-years' probation. (Doc. 6 at 4). In January 2023, his probation was revoked, and he was sentenced to three-and-one-half years in custody. While incarcerated, he was disciplined for possession or manufacturing intoxicating substances and fighting. (Id.). He began community supervision on October 19, 2025.

Upon review of the 3142(g) factors, and particularly, factors (3)(A) and (B), the Court finds that he poses a serious flight risk. First, considering factor 3142(g)(4), the Court also finds that he poses some potential danger to the community. The Defendant has a recent prior armed robbery conviction which involved a deadly weapon. Even more

recent is his conduct of being disciplined for fighting while incarcerated on that conviction. This tendency for violence is exacerbated by the Defendant's self-reported long-term methamphetamine and heroin use and his mental health conditions. Though he was screened and approved for the Crossroads residential treatment program, these combined factors pose a potential danger to its other residence. That the "the U.S. Marshals are essentially on speed dial if a federal defendant violates any program conditions" does not change this analysis (Doc. 28 at 3). The Court seeks to *prevent* harm rather than react to it.

What is abundantly clear from the record before the Court is that the Defendant is a serious flight risk. He has no contacts in Arizona. He has significant contacts in Mexico and one in Nevada. He has unverifiable employment history, and no source of income. He is addicted to methamphetamine and heroin and has been for a long while. He has serious mental health issues requiring medication. He is by all accounts homeless and does not appear to have changed his nomadic lifestyle. Placement at Crossroads is insufficient to ensure he is available for future court proceedings. He has travelled from Fort Wayne, Indiana, Hidalgo New Mexico, Phoenix and Tucson Arizona and Pinetop Arizona in the last seven-years. He has been arrested in each of these locations. The totality of the Defendant's circumstances convinces the Court that he poses a serious flight risk if he is not detained pending trial.

**IT IS ORDERED** granting Defendant's Motion for Review of Detention Order (Doc. 16).

**IT IS FURTHER ORDERED** affirming the Magistrate Judge's prior Order of Detention (Doc. 12). Defendant Steven Toy Garcia shall remain in custody pending resolution of his case.

**IT IS FURTHER ORDERED** vacating the Oral Argument set for November 21, 2025.

Dated this 20th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge